1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Hortensia Baca Sanchez,

Plaintiff,

v.

West Valley R.E.L.L.C., et al.,

Defendants.

Case No. 2:24-cv-02335-GMN-BNW

**ORDER**

Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.    Analysis**

   **A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

1    In considering whether the complaint is sufficient to state a claim, all allegations of

2    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

3    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

4    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

5    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

6    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

7    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

8    plaintiff should be given leave to amend the complaint with notice regarding the complaint's

9    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10    **B.    Screening the Complaint**

11    Plaintiff's complaint contains few factual allegations. Based on what is alleged and the

12    documents attached, it appears Plaintiff is disputing a lien. Importantly, the allegations do not

13    make clear how this Court would have jurisdiction over Plaintiff's claim. As a result, and as

14    explained in more detail below, this Court will dismiss Plaintiff's complaint for lack of

15    jurisdiction but will give Plaintiff leave to amend.

16    "Federal district courts are courts of limited jurisdiction, possessing only that power

17    authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

18    1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all

19    civil actions arising under the Constitution, laws, or treaties of the United States," otherwise

20    known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original

21    jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum

22    or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C.

23    § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be

24    a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236

25    F.3d 1061, 1067 (9th Cir. 2001). A court may raise the question of subject-matter jurisdiction sua

26    sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special*

27    *Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); FED. R. CIV. P. 12(h)(3).

28    Here, Plaintiff does not allege facts sufficient to invoke the Court's jurisdiction.

1      Plaintiff does not provide any facts to suggest her allegations constitute a civil action

2   "arising under the Constitution, laws, or treaties of the United States."  Thus, Plaintiff has not

3   established that there is federal question jurisdiction over her claim.

4      Regarding diversity jurisdiction, Plaintiff alleges that she resides in Nevada, as do

5   Defendants, West Valley R.E.L.L.C. and Hutchison and Steffen P.L.L.C. Accordingly, there is

6   not complete diversity, and Plaintiff cannot establish diversity jurisdiction.

7      If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

8   Complaint." The amended complaint must contain a short and plain statement describing the

9   underlying case and each of the defendants' involvement in the case. *See* FED. R. CIV. P. 8(a)(2).

10   That is, she must provide more facts regarding the lien in question, the relief she seeks, and

11   explain what federal statute or law allows this Court (as opposed to a state court) to preside over

12   her claims.

13      Additionally, Plaintiff is advised that if she files an amended complaint, the original

14   complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended

15   complaint must be complete in and of itself without reference to prior pleadings or other

16   documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's

17   amended complaint complete.

18   **II.     CONCLUSION**

19      **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

20   *pauperis* (ECF No. 1) is **GRANTED**.

21      **IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file

22   Plaintiff's complaint (ECF No. 1-1).

23      **IT FURTHER ORDERED** that Plaintiff's complaint is dismissed with leave to amend.

24   / / /

25   / / /

26   / / /

27

28

1    **IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she

2    must do so by January 23, 2025. Failure to comply with this order will result in a

3    recommendation that this case be dismissed.

4

5    DATED: December 23, 2024

6

7    _____

8    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28